REUB WILLIAMS & SONS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13733.   Promulgated May 25, 1928.

*George E. H. Goodner, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

OPINION.

SMITH: Petitioner assigns two errors in the computation of the deficiency for 1921, both of which relate to the determination of the

correct invested capital for the year. Petitioner claims that it is entitled to include in invested capital $12,500 in respect of the value of good will and intangibles paid in to the corporation upon its organization in 1904 for shares of capital stock. This is the greatest amount which could be included in invested capital under section 326(a)(5) of the Revenue Act of 1921. The Commissioner has disallowed this claim upon the ground that the good will and intangibles paid in for shares of stock in 1904 had no cash value. To prove a cash value for these intangibles the petitioner has offered in evidence a deposition of Logan H. Williams.

The testimony of the deponent was elicited by highly leading questions or asked conclusions as to value which were objected to by counsel for the respondent either upon the ground that they were leading questions or not the best evidence. The books and records of the petitioner were not introduced in evidence and it was not shown that they could not have been.

The burden of proving a value for good will was on the petitioner. *Avery* v. *Commissioner*, 22 Fed. (2d) 6 (C. C. A., 5th Cir.). We are of the opinion that the petitioner has not met the burden of proving a cash value of the intangibles either in the amount of $12,500 or in any amount whatever. The fact that the predecessor partnership had profits is not sufficient to prove that the intangibles had a cash value in 1904. The earnings of the corporation for the period 1909 to 1921 do not prove a value for the intangibles in 1904. Many factors may have intervened between 1904 and 1909, which would account for a large part of the earnings subsequent to 1909. Upon the record the determination of the respondent is approved.

Petitioner further objects that the respondent has excluded from invested capital a prorated portion of the income tax payable for the year 1920. Such exclusion was proper. See section 1207 of the Revenue Act of 1926.

*Judgment will be entered for the respondent.*